UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---------------------------------------------------------------------x
YAHUI ZHANG on behalf of himself and others similarly situated        Docket No: 15-CV-4946

                                              Plaintiffs,

               -against-

AKAMI INC.
d/b/a AKAMI SUSHI and
d/b/a AKITA SUSHI,
YUAN HONG CHEN a/k/a ANDY CHEN
LIANG JIN ZHUO, and JANE DOE

                                             Defendants.
---------------------------------------------------------------------x

**MEMORANDUM OF LAW
IN SUPPORT OF DEFENDANTS
MOTION FOR SUMMARY JUDGMENT**

Dated: New York, NY
       September 7, 2018

                                        */s/ Vincent S Wong*
                                        Vincent S. Wong, Esq. (VW9016)
                                        Law Offices of Vincent S. Wong
                                        39 East Broadway, Suite 306
                                        New York, NY 10002
                                        P: (212) 349-6099
                                        F: (212) 349-6599

# TABLE OF CONTENTS

| | Page |
|---|---|
| TABLE OF AUTHORITIES | 3 |
| PRELIMINARY STATEMENT | 5 |
| STATEMENT OF FACTS | 5 |
| SUMMARY JUDGMENT STANDARD | 6 |
| I. JANE DOE A/K/A LAN FANG YANG WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL | 7 |
| II. PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW | 9 |
| THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION | 12 |
| CONCLUSION | 15 |

## TABLE OF AUTHORITIES

### Statute

| | |
|---|---|
| 28 U.S.C. §1367 | 12 |
| 29 C.F.R. § 779 | 11 |
| 29 U.S.C. § 203 | 7, 10 |
| 29 U.S.C. § 207(a)(1) | 9 |

### Cases

| | |
|---|---|
| *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986) | 6 |
| *Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R.,* 85 F.3d 35, 39 (2d Cir.1996) | 13 |
| *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp.2d 280,287 (SD.N.Y. 2000) | 12 |
| *Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir.2010) | 13 |
| *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988) | 13 |
| *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986) | 6, 7, 10 |
| *Chen v. St. Beat Sportswear, Inc*., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005) | 8 |
| *Doe v. Abington Friends Sch*., 480 F.3d 252, 256 (2007). | 6 |
| *Grant v. All Star Baby Safety, Inc.*, 2016 U.S. Dist. LEXIS 88851, at *4 (E.D.N.Y. July 8, 2016) | 11 |
| *Herman v. RSR Sec. Servs., Ltd*., 172 F.3d 132, 139 (2d Cir. 1999) | 7, 8 |
| *Hernandez v. La Cazuela de Mari Rest., Inc*., 538 F. Supp. 2d 528, 534-35 (E.D.N.Y. 2007) | 8 |
| *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) | 7 |
| *In re Masterwear Corp*., 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999). | 14 |
| *Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118, 119 (2d Cir. 2006) | 13, 14 |

*Lamont v. Frank Soup Bow1 Inc.*, 2001 WL 521815, at *7                                                12

*Li v. Zhao*, No. 11-CV-5636, 2014 WL 3887860, at *3 (E.D.N.Y. Aug. 8, 2014)                           10

*Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010)                    13

*Louisdor v. Am. Telecomms., Inc.*, 540 F.Supp.2d 368, 374 (E.D.N.Y.2008)                              13

*Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)                          7

*Marcus v. AT&T Corp.*, 138 F.3d 46,57 (2d Cir. 1998)                                                  12

*McLeod v. Threlkeld*, 319 U.S. 491,497 (1943)                                                         12

*Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861,
at *3 (E.D.N.Y. Apr. 17, 2013)                                                                         10

*Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 461 (E.D.N.Y. 2015)             14

*Robertson v. The Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir.1998)                                 14

*Wirtz v. Melos Construction Corp.*, 408 F.2d 626                                                      9

*Xelo v. Mavros*, No. 03-CV-3665, 2005 U.S; Dist. LEXIS 21588,
at *2 (E.D.N.Y. Sept. 29, 2005)                                                                        11

*Yu G. Ke v. Saigon Grill, Inc.*, 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008)                        8

*Zelo v. Mavros*, 2005 U.S. Dist. LEXIS 21588, at *18-19                                               12

**PRELIMINARY STATEMENT**

This memorandum of law is respectfully submitted in support to the Defendants motion for summary judgment pursuant to Fed. R. Civ. P. 56.

**STATEMENT OF FACTS**

Plaintiff alleges that he worked as a deliveryman for Defendants from August 20, 2014 to May 4, 2015[1]. Plaintiff alleges that he worked 5 days per week, from 11am to 11pm, and also 1 day per week from 5pm to 11pm[2]. Plaintiff alleges that he was paid $550 per half month.[3] Plaintiff is suing for unpaid wages and overtime.

Defendants dispute Plaintiff's allegations. Defendants' records, which were signed by Plaintiff, and in which Plaintiff acknowledged his signature on almost all of said pay records during deposition, shows that while Plaintiff did work overtime, he was paid appropriately.[4] Plaintiff disputes the accuracy of the pay statements, despite acknowledging his signature on said records, acknowledging that they are written in Chinese and English, and also acknowledging that said records were filled out completed before he signed them.[5]

While Plaintiff has alleged upon information and belief that Defendants' annual gross sales exceed $500,000 in its complaint[6], Plaintiff testified that he had no actual knowledge of the sales of the restaurant yearly, monthly, weekly, or daily.[7] Plaintiff further testified that he never

---

[1] Amended Complaint ¶35-36
[2] Amended Complaint ¶36
[3] Amended Complaint ¶39
[4] Exhibit 7
[5] Dep. of Zhang pg 92¶8 – pg93 ¶ 20
[6] Amended Complaint ¶ 10
[7] Dep. of Zhang pg 86 ¶2 –17

5

worked the cash register at the restaurant[8], and that he essentially had no information or belief as to the amount of income that restaurant made whatsoever, making this allegation in the complaint completely without basis.

Defendants' actual gross sales were significantly less than $500,000 gross sales per year. Defendants' annual gross sales from July 1, 2014 to June 30, 2015 was $364,160.[9] Defendants gross annual sales for all time periods Plaintiff alleges to have worked there are less than $500,000.

## SUMMARY JUDGMENT STANDARD

Pursuant to Rule 56(c), a motion for summary judgment will be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). An issue is "genuine" if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. *Anderson,* 477 U.S. at 248; *Celotex*, 477 U.S. at 322-26; *Doe v. Abington Friends Sch.*, 480 F.3d 252, 256 (2007).

The party seeking summary judgment must initially provide the court with the basis for its motion. *Celotex Corp.*, 477 U.S. at 323. This requires the moving party to either establish that there is no genuine issue of material fact and that the moving party must prevail as a matter of law, or demonstrate that the nonmoving party has not shown the requisite facts relating to an essential element of an issue on which it bears the burden. *Id*. at 322–23. Once the party seeking summary judgment has carried this initial burden, the burden shifts to the nonmoving party. To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element

---

[8] Dep. of Zhang pg 86 ¶18-20
[9] Exhibit 5

for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp.*, 477 U.S. at 324.

Once a moving party satisfies its initial burden of establishing a prima facie case for summary judgment under Fed. R. Civ. Pro. 56(c), the opposing party "must do more than simply show that there is some metaphysical doubt as to material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). The nonmoving must set out specific facts showing a genuine issue for trial using affidavits or as otherwise provided in Fed. R. Civ. Pro. 56(e).  Importantly, "[a] party may not rely on mere speculation or conjecture as to the true nature of the facts to overcome a motion for summary judgment," as "[m]ere conclusory allegations or denials cannot by themselves create a genuine issue of material fact where none would otherwise exist." *Hicks v. Baines,* 593 F.3d 159, 166 (2d Cir. 20 10) (citations omitted).

Because there exist no issues of material fact concerning those portions of Plaintiffs' Complaint which are the subject of the instant motion, partial summary judgment in favor of Defendants is appropriate.

## I. JANE DOE A/K/A LAN FANG YANG WAS NOT AN "EMPLOYER" UNDER THE FLSA AND NYLL

All claims asserted against Defendant JANE DOE A/K/A LAN FANG YANG should be dismissed because there is nothing in the record that in any way supports Plaintiffs claims that JANE DOE A/K/A LAN FANG YANG was an "employer".

Under the FLSA an "employer" includes "any person acting directly or indirectly in the interest of an employer in relation to an employee." 29 U.S.C. § 203(d). The primary concern in reaching a determination that an individual is an "employer" under the FLSA is whether he or she "possessed the power to control the workers in question ...." *Herman v. RSR Sec. Servs., Ltd.*, 172 F.3d 132, 139 (2d Cir. 1999).

7

The Second Circuit has held that in determining whether an individual is an "employer" under the Fair Labor Standards Act, "the overarching concern is whether the alleged employer possessed the power to control the workers in question, with an eye to the 'economic reality' presented by the facts of each case." *Herman v. RSR Security Servs. Ltd.,* 172 F.3d 132, 139 (2d Cir. 1999) (internal quotations and citations omitted);

"[W]hether an individual is an 'employer' under New York law involves the same legal considerations as those under federal law." *Hernandez v. La Cazuela de Mari Rest., Inc*., 538 F. Supp. 2d 528, 534-35 (E.D.N.Y. 2007). *See also Yu G. Ke v. Saigon Grill, Inc*., 595 F. Supp. 2d 240, 264 n.48 (S.D.N.Y. 2008); *Chen v. St. Beat Sportswear, Inc*., 364 F. Supp. 2d 269, 278 (E.D.N.Y. 2005).

Under the so-called "economic reality" test, the relevant factors for a Court to consider are "whether the alleged employer (1) had the power to hire and fire employees, (2) supervised and controlled employee work schedules or conditions of employment, (3) determined the rate and method of payment, and (4) maintained employment records." *Herman, supra,* 172 F.3d at 139 (citations omitted).

When looking at the record it becomes clear that JANE DOE A/K/A LAN FANG YANG was not an employer of Plaintiff. During 2014 and 2015, which encompasses the period Plaintiff alleges to have worked for Defendants, Defendant JANE DOE A/K/A LAN FANG YANG was in fact working in Philadelphia for another company.[10] JANE DOE A/K/A LAN FANG YANG did not have the power to hire and fire employees at Akami Inc[11]. JANE DOE A/K/A LAN FANG YANG did not supervise or control employee work schedules or conditions of

---

[10] Decl. of Lan Fang Yang ¶ 2- 5; Exhibit 4;
[11] Decl. of Lan Fang Yang ¶ 10-11;

8

employment at Akami Inc.[12] JANE DOE A/K/A LAN FANG YANG did not determine the rate or method of pay at Akami Inc[13]. JANE DOE A/K/A LAN FANG YANG did not maintain employment records for Akami Inc.[14]. In short, JANE DOE A/K/A LAN FANG YANG was not an employer under the economic realty test.

Further, despite allegation in the complaint otherwise, supposedly on personal knowledge, Plaintiff testified during his depositions that he only had one boss at Akami[15], who was male[16]; and that he did not know who JANE DOE[17] or LAN FANG YANG[18] were.

As there was no employment relationship between Plaintiff and Defendant JANE DOE A/K/A LAN FANG YANG, all claims against Defendant JANE DOE A/K/A LAN FANG YANG should be dismissed with prejudice.

## II. PLAINTIFFS' FEDERAL CLAIMS SHOULD BE DISMISSED AS A MATTER OF LAW

Plaintiffs' federal claims should be dismissed as Plaintiffs have failed to provide evidence of essential elements of its Federal claims.

The minimum-wage and overtime provisions of the FLSA apply only to employees who (1) are personally engaged in interstate commerce or in the production of goods for interstate commerce ("individual coverage") or (2) are employed by an enterprise that is engaged in interstate commerce or in the production of goods for interstate commerce ("enterprise coverage"). See 29 U.S.C. § 207(a)(1); see also *Wirtz v. Melos Construction Corp.*, 408 F.2d 626, 627 (2d Cir. 1969). The FLSA defines "commerce" as "trade, commerce, transportation,

---

[12] Decl. of Lan Fang Yang ¶ 6-12
[13] Decl. of Lan Fang Yang ¶ 8
[14] Decl. of Lan Fang Yang ¶ 13
[15] Dep. of Zhang pg 103 ¶8 –9
[16] Dep. of Zhang pg 41 ¶4 –7
[17] pg 87 ¶18– 24
[18] Dep. of Zhang pg 87 ¶25 – pg 88 ¶7

9

transmission, or communication among the several States or between any State and any place outside thereof." 29 U.S.C. § 203(b).

An "enterprise engaged in commerce or in the production of goods for commerce" is one that has "employees engaged in commerce or in the production of goods for commerce, or that has employees handling, selling, or otherwise working on goods or materials that have been moved in or produced for commerce by any person," and whose annual gross volume of sales equals or exceeds $500,000. *Id*. §§ 203(s)(1)(A)(i)-(ii).

The plaintiff-employee bears the burden of establishing FLSA coverage to prove his employer's liability. *Li v. Zhao*, No. 11-CV-5636, 2014 WL 3887860, at *3 (E.D.N.Y. Aug. 8, 2014) (citing *Owusu v. Corona Tire Shop, Inc.*, No. 09-CV-3744, 2013 WL 1680861, at *3 (E.D.N.Y. Apr. 17, 2013)).

Plaintiffs have failed to make a sufficient showing essential elements of enterprise coverage with respect to which Plaintiffs had the burden of proof, i.e. the financial threshold. Defendants are entitled to summary judgment on this jurisdictional prerequisite because the FLSA does not apply to an enterprise that has less than $500,000 in annual gross volume of sales or business done. Plaintiffs have not produced a single document or presented any evidence to suggest any of the parties in this action had annual gross sales in an amount in excess of $500,000, of which Plaintiff has the burden of proving.

To avoid summary judgment, the nonmoving party must demonstrate facts supporting each element for which it bears the burden, and it must establish the existence of "genuine issue[s] of material fact" justifying trial. *Celotex Corp.*, 477 U.S. at 324. Here Plaintiff cannot do so for the $500,000 gross annual sales element of the FLSA, and as such Summary Judgment must be granted.

Plaintiff has already affirmatively testified that he has no knowledge of Defendant's income either daily, weekly, monthly, or yearly.[19]

Further, not only is there a lack of evidence to show gross sales of $500,000, Defendant has affirmatively provided evidence which shows gross sales of less than $500,000.

Regulations promulgated by the Labor Department permit the use of tax records to compute the annual gross sales of a business. *See* 29 C.F.R. 779.266; *see also Grant v. All Star Baby Safety, Inc.*, 2016 U.S. Dist. LEXIS 88851, at *4 (E.D.N.Y. July 8, 2016) (noting that courts may review tax returns when considering this issue in the context of a motion for summary judgment).

In further support of the lack of the $500,000 element, Defendants have produced tax records for the restaurant showing that the restaurant made substantially less than $500,000 in gross revenue[20], Seamless records showing deliveries made by the restaurant each month and income derived from that[21], bank records for the corporation[22], and the Declaration of Yuan Chen a person with actual knowledge of the business, further confirms that gross sales did not exceed $500,000[23]. Based on the foregoing Summary Judgment should be granted on this issue.

As to individual coverage, the FLSA can cover an employee "engaged in commerce or in the production of goods for commerce" regardless of whether the employer constitutes an enterprise. 29 U.S.C. § 207(a)(1); *Xelo v. Mavros*, No. 03-CV-3665, 2005 U.S; Dist. LEXIS 21588, at *2 (E.D.N.Y. Sept. 29, 2005). ("Where a business fails to meet the enterprise requirements of the FLSA ... a plaintiffs FLSA claim can survive summary judgment only if the

---

[19] Dep. of Zhang pg 86 ¶2 –20
[20] See Exhibits 5
[21] See Exhibits 10 pg 10-18
[22] See Exhibits 10 pg 28-60
[23] Decl. of Yuan Chen ¶10-13

11

plaintiff was engaged in commerce or in the production of goods for commerce."). An employee engages in commerce by "performing work involving or related to the interstate movement of persons or things (whether tangibles or intangibles, and including information and intelligence)" 29 C.F.R. § 779.103 (1970). This must be "a substantial part' of the employee's work." *Boekemeier v. Fourth Universalist Soc'y in the City of New York*, 86 F. Supp.2d 280,287 (SD.N.Y. 2000). The employee must be "so closely related to the movement of the commerce as to be a part of it," as opposed to simply performing activities that "affect or indirectly relate to interstate commerce." *Id.* (quoting *McLeod v. Threlkeld*, 319 U.S. 491,497 (1943)).

In this case, Plaintiff alleges he worked as a deliveryman at the restaurant located in New York City, and there has been no allegation of personal engagement in interstate commerce, as such individual coverage does not apply.

Defendants are entitled to summary judgment on Plaintiffs' FLSA claims as Plaintiff cannot establish essential elements to these claims.

## THE COURT SHOULD DECLINE SUPPLEMENTAL JURISDICTION

In the event this Court determines that Defendant's Motion for Summary Judgment is appropriate with respect to the federal claims brought under the FLSA, this Court should decline to exercise supplemental jurisdiction under 28 U.S.C. §1367 with respect to Plaintiffs' remaining claims brought under the New York State Labor Law. "In general, where the federal claims are dismissed before trial, the state claims should be dismissed as well." *Marcus v. AT&T Corp.*, 138 F.3d 46,57 (2d Cir. 1998). See also *Zelo v. Mavros*, 2005 U.S. Dist. LEXIS 21588, at *18-19 (declining to exercise supplemental jurisdiction over remaining state law claims after granting summary judgment in favor of defendants on both federal claims); *Lamont v. Frank Soup Bowl*

*Inc.*, 2001 WL 521815, at *7 (stating that "[s]ince there is no federal jurisdiction over either [of plaintiffs' FLSA claims] the complaint must be dismissed).

"Indeed, the court "should ordinarily dismiss the state claims" "[w]hen all bases for federal jurisdiction have been eliminated." *Bhd. of Locomotive Eng'rs Div. 269 v. Long Island R.R.,* 85 F.3d 35, 39 (2d Cir.1996) (declining to consider state law wage claim where the court dismissed the federal wage claims); *Louisdor v. Am. Telecomms., Inc*., 540 F.Supp.2d 368, 374 (E.D.N.Y.2008). Having dismissed all claims over which the Court has original jurisdiction, the Court declines to exercise supplemental jurisdiction and dismisses the state law claims without prejudice." *Locke v. St. Augustine's Episcopal Church*, 690 F. Supp. 2d 77, 91 (E.D.N.Y. 2010)

"[T]he usual case in which all federal-law claims are eliminated before trial" such that "the balance of factors to be considered ... judicial economy, convenience, fairness, and comity ... will point toward declining to exercise jurisdiction over the remaining state-law claims." *Kolari v. New York-Presbyterian Hosp*., 455 F.3d 118, 119 (2d Cir. 2006) (citing *Carnegie–Mellon Univ. v. Cohill*, 484 U.S. 343, 350 n. 7, 108 S.Ct. 614, 98 L.Ed.2d 720 (1988)). *See also Brzak v. United Nations*, 597 F.3d 107, 113–14 (2d Cir.2010) ("[I]f a plaintiff's federal claims are dismissed before trial, the state claims should be dismissed as well.").

In weighing these factors, the district court is aided by the Supreme Court's additional guidance in *Cohill* that "in the usual case in which all federal-law claims are eliminated before trial, the balance of factors ... will point toward declining to exercise jurisdiction over the remaining state-law claims." 484 U.S. at 350 n. 7, 108 S.Ct. 614; *see also Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130 ("Needless decisions of state law should be avoided both as a matter of comity and to promote justice between the parties, by procuring for them a surer-footed reading of applicable law.... [I]f the federal law claims are dismissed before trial ... the state claims should

be dismissed as well.")." *Kolari v. New York-Presbyterian Hosp.*, 455 F.3d 118, 122 (2d Cir. 2006)

"*Robertson v. The Neuromedical Ctr.*, 161 F.3d 292, 296 (5th Cir.1998)(district court did not abuse its discretion in declining to exercise supplemental jurisdiction over state law claims after granting summary judgment to defendants on federal claims); *Hankins v. The Gap, Inc.*, 84 F.3d 797, 802–03 (6th Cir.1996)(same)." *In re Masterwear Corp.*, 241 B.R. 511, 520 (Bankr. S.D.N.Y. 1999).

"[D]ecisions of state law should be avoided both as a matter of comity and to promote justice between the parties." *Gibbs*, 383 U.S. at 726, 86 S.Ct. 1130. Comity and fairness, both favor that the New York State court make a decision on New York State Statute and Law.

"Other factors counsel in favor of declining supplemental jurisdiction over the Plaintiff's state law claims. In particular, the viability of these pendent state claims is purely a matter of state law which invariably will benefit from adjudication by the final authority on issues of New York state law, namely the New York state courts." *Reid ex rel. Roz B. v. Freeport Pub. Sch. Dist.*, 89 F. Supp. 3d 450, 461 (E.D.N.Y. 2015).

As such, the court should decline the exercise supplemental jurisdiction over the remaining claims and the case should be dismissed.

## CONCLUSION

For all the foregoing reasons, Defendants' Motion for Summary Judgment should be granted in all respects and all claims against Defendants should be dismissed.

Dated: New York, NY
September 7, 2018

/s/ Vincent S Wong
Vincent S. Wong, Esq. (VW9016)
Law Offices of Vincent S. Wong
39 East Broadway, Suite 306
New York, NY 10002
P: (212) 349-6099