UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-------------------------------------------------------X
                                                       :
YAHUI ZHANG, *individually and on behalf of* :
*those similarly situated*,                            :
                                                       :
                                    Plaintiff,         :          15-CV-4946 (VSB)
                                                       :
                - against -                            :          **OPINION & ORDER**
                                                       :
                                                       :
AKAMI, d/b/a AKAMI SUSHI, et al.,                      :
                                                       :
                                    Defendants         :
                                                       :
-------------------------------------------------------X

```
┌─────────────────────────────────┐
│ USDC SDNY                        │
│ DOCUMENT                         │
│ ELECTRONICALLY FILED             │
│ DOC #: _____           │
│ DATE FILED: ___9/25/2019____     │
└─────────────────────────────────┘
```

Appearances:

John Troy
Kibum Byun
Troy Law, PLLC
Flushing, New York
*Counsel for Plaintiffs*

Eugene Kroner
Michael Aaron Brand
Vincent Wong
Law Offices of Vincent S. Wong
New York, New York
*Counsel for Defendants*

VERNON S. BRODERICK, United States District Judge:

        Plaintiff Yahui Zhang, on behalf of himself and other employees similarly situated,

brings this action for alleged violations of the Fair Labor Standards Act (the "FLSA"), 29 U.S.C.

§ 201, *et seq.*, and the New York Labor Law (the "NYLL"), and for breach of implied contract.

Before me is the motion of Defendants Akami Inc. ("Akami"), Yuan Hong Chen a/k/a Andy

Chen, Liang Jin Zhuo, and Lan Fang Yang (collectively, "Defendants") for summary judgment

as to all claims pursuant to Federal Rule of Civil Procedure 56.  Because there is no issue of

material fact that Defendant Akami is an enterprise that generated less than $500,000 in gross volume of annual sales during the time of Plaintiff's employment, Defendants' motion for summary judgment is GRANTED.

## I.    Background

Plaintiff alleges that Defendants systematically failed to:  (1) pay their employees minimum wage and overtime compensation; (2) properly record time spent by employees working; (3) provide Time of Hire Notices; and (4) provide employees with accurate paystubs. (Am. Compl. ¶¶ 2–5.)[1]  Plaintiff further claims that he was required to commit over twenty percent of his workday to doing non-tipped work—such as "cut[ting] oranges, put[ting] in salad sauce, soy sauce, load[ing] soda, unload[ing] vegetables and cut[ting] the cardboard used in delivery bags"—without receiving notification of the tip credit claimed by Defendants.  (Id. ¶¶ 24–26.)  Finally, Plaintiff alleges that Defendants failed to post the required New York State Department of Labor posters informing their employees about the minimum pay rates, overtime pay, tip credit, and payday information.  (Id. ¶ 34.)

Akami was incorporated on July 17, 2014.  (Wong Decl. Ex. 5.)[2]  Plaintiff began working for Akami as a deliveryman in about August 2014, and continued to be employed by Akami until May 4, 2015.  (Zhang Dep. 32:11–16.)[3]  From July 1, 2014 to June 30, 2015, Akami's gross receipts and sales were approximately $364,160.  (See Wong Decl. Ex. 5.)

---

[1] "Am. Compl." refers to the Amended Complaint, filed August 6, 2015.  (Doc. 17.)

[2] "Wong Decl." refers to the Declaration of Vincent S. Wong ("Wong Declaration"), dated September 25, 2018. (Doc. 67.)  The truth and accuracy of the exhibits to the Wong Declaration were sworn to by Mr. Wong himself, as well as by Defendants Yuan Chen and Lan Fang Yan, to the extent they had personal knowledge about the documents.  (See Docs. 75–77.)

[3] "Zhang Dep." refers to the transcript of the deposition of Plaintiff Yahui Zhang, dated May 31, 2018.  (See Troy Decl. Ex. 5.)  "Troy Decl." refers to the Declaration of John Troy in Opposition to Defendants' Motion to Dismiss, filed October 2, 2018.  (Doc. 69.)

## II.   <u>Procedural History</u>

Plaintiff commenced this action by filing a putative collective and class action complaint on June 25, 2015.  (Doc. 1.)  On July 24, 2015, Defendants answered the complaint, and in their answer asserted certain counterclaims.  (Doc. 10.)  Plaintiff filed the Amended Complaint on August 6, 2015.  (Doc. 17.)  On October 13, 2015, Plaintiff filed a motion to dismiss Defendants' counterclaims, (Docs. 26–28), and Defendants filed a motion to dismiss the Amended Complaint, (Docs. 29–31).  On September 26, 2017, I entered a Memorandum & Opinion, granting Plaintiff's motion to dismiss Defendants' counterclaims, granting Defendants' motion to dismiss the Amended Complaint with regard to Counts XII and XIII, and denying Defendants' motion to dismiss the Amended Complaint with regard to Counts I through XI.   (Doc. 37.) Defendants filed their answer to the Amended Complaint on October 18, 2017.  (Doc. 40.)

On September 25, 2018, after the close of discovery, Defendants moved for summary judgment.  (Doc. 63.)  In support of their motion, Defendants filed a memorandum, (Doc. 64), a declaration from Lan Fang Yang, (Doc. 65), a declaration from Yuan Chen, (Doc. 66), a declaration, with exhibits, from Vincent Wong, (Doc. 67), and a Local Rule 56.1 statement, (Doc. 68).

Plaintiff filed a memorandum in opposition on October 2, 2018.  (Doc. 70.)  Plaintiff's opposition was supported by a declaration, (Doc. 69), but Plaintiff did not submit a Local Rule 56.1 statement.  Because the omission of the statement appeared to have resulted from a clerical error, on August 1, 2019, I directed Plaintiff to file his statement.  (Doc. 72.)  Plaintiff filed a Local Rule 56.1 counterstatement on August 4, 2019.  (Doc. 73.)  Because the exhibits relied upon in support of Defendants' motion were not attached to the declaration of a person with personal knowledge of the documents, *see* Fed. R. Civ. P. 56(c)(4), on September 4, 2019, I

directed Defendants to submit supplemental declarations in further support of their motion for summary judgment, *see* Fed. R. Civ. 56(d).  (Doc. 74.)  Defendants submitted supplemental declarations on September 10, 2019.  (Docs. 75–77.)

### III.   <u>Legal Standard</u>

Summary judgment is appropriate when "the parties' submissions show that there is no genuine issue as to any material fact and the moving party is entitled to judgment as a matter of law."  *Fay v. Oxford Health Plan*, 287 F.3d 96, 103 (2d Cir. 2002); *see also* Fed. R. Civ. P. 56(a).  "[T]he dispute about a material fact is 'genuine' . . . if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).  A fact is "material" if it "might affect the outcome of the suit under the governing law," and "[f]actual disputes that are irrelevant or unnecessary will not be counted."  *Id.*

On a motion for summary judgment, the moving party bears the initial burden of establishing that no genuine factual dispute exists, and, if satisfied, the burden shifts to the nonmoving party to "set forth specific facts showing that there is a genuine issue for trial," *id.*, and to present such evidence that would allow a jury to find in his favor, *see Graham v. Long Island R.R.*, 230 F.3d 34, 38 (2d Cir. 2000).  "The same standard[s] appl[y] where, as here, the parties file[] cross-motions for summary judgment . . . ."  *Morales v. Quintel Entm't, Inc.*, 249 F.3d 115, 121 (2d Cir. 2001).  "[W]hen both parties move for summary judgment, asserting the absence of any genuine issues of material fact, a court need not enter judgment for either party. Rather, each party's motion must be examined on its own merits, and in each case all reasonable inferences must be drawn against the party whose motion is under consideration."  *Id.* (internal citation omitted).

To defeat a summary judgment motion, the nonmoving party "must do more than simply show that there is some metaphysical doubt as to the material facts." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). "A party asserting that a fact cannot be or is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record, including depositions, documents, electronically stored information, affidavits or declarations, stipulations (including those made for purposes of the motion only), admissions, interrogatory answers, or other materials . . . ." Fed. R. Civ. P. 56(c)(1). In the event that "a party fails . . . to properly address another party's assertion of fact as required by Rule 56(c), the court may," among other things, "consider the fact undisputed for purposes of the motion" or "grant summary judgment if the motion and supporting materials—including the facts considered undisputed—show that the movant is entitled to it." Fed. R. Civ. P. 56(e)(2), (3).

Additionally, in considering a summary judgment motion, the Court must "view the evidence in the light most favorable to the non-moving party and draw all reasonable inferences in its favor, and may grant summary judgment only when no reasonable trier of fact could find in favor of the nonmoving party." *Allen v. Coughlin*, 64 F.3d 77, 79 (2d Cir. 1995) (internal citation and quotation marks omitted); *see also Matsushita*, 475 U.S. at 587. "[I]f there is any evidence in the record that could reasonably support a jury's verdict for the non-moving party," summary judgment must be denied. *Marvel Characters, Inc. v. Simon*, 310 F.3d 280, 286 (2d Cir. 2002).

IV.     **Discussion**

Defendant Lan Fang Yang argues that Plaintiff's FLSA claims should be dismissed because she is not an employer as that term is defined under the FLSA or NYLL.  (*See* Defs.' Mem. 7–9.)[4]  Defendants argue that Akami was not an enterprise covered by the FLSA because it was not engaged in commerce that resulted in at least $500,000 in gross annual sales volume during the time of Plaintiff's employment.

A.     *FLSA Claims*

1.     **Applicable Law**

To state a claim under the FLSA, a plaintiff must demonstrate, among other things, either:  (1) "individual coverage," by showing that he is "'engaged in commerce or in the production of goods for commerce'"; or (2) "enterprise coverage" by showing that he is "'employed in an enterprise engaged in commerce or in the production of goods for commerce.'" *Jian Long Li v. Li Qin Zhao*, 35 F. Supp. 3d 300, 305 (E.D.N.Y. 2014) (quoting 29 U.S.C. §§ 206(a), 207(a)(1)).  Plaintiff bears the burden of establishing coverage under the FLSA.  *Id.* Plaintiff does not allege that he had "any contact with out-of-state customers or businesses," therefore "he cannot be individually covered under the FLSA." *Yang Li v. Ya Yi Cheng*, No. 10-CV-4664, 2012 WL 1004852, at *4 (E.D.N.Y. Mar. 23, 2012).

Accordingly, Plaintiff's FLSA claims are only viable if he can demonstrate that he was "employed in an enterprise engaged in commerce or in the production of goods for commerce," 29 U.S.C. §§ 206(a), 207(a)(1),[5] and that the enterprise had "at least $ 500,000 in annual gross

---

[4] "Defs.' Mem." refers to the Memorandum of Law in Support of Defendants Motion for Summary Judgment, filed September 25, 2018.  (Doc. 64.)

[5] "The term 'commerce' refers to interstate commerce."  *Archie v. Grand Cent. P'ship, Inc.*, 997 F. Supp. 504, 528 (S.D.N.Y. 1998) (citing 29 U.S.C. § 203(b)).

sales," *Zhen Ming Chen v. Y Cafe Ave B Inc.*, No. 18-CV-4193 (JPO), 2019 WL 2324567, at *2

(S.D.N.Y. May 30, 2019) (citing 29 U.S.C. § 203(s)(1)(A)(ii)).  Under an enterprise coverage

theory, "a plaintiff need not himself or herself be involved in an activity which affects interstate

commerce," so long as "the gross volume requirement is met" and some of the employer's

employees "are (1) engaged in commerce, (2) engaged in the production of goods for commerce,

or (3) engaged in handling, selling, or otherwise working on goods or materials that have been

moved in or produced for commerce."  *Archie*, 997 F. Supp. at 528.

## 2.  Application

Defendants assert that Akami generated less than $500,000 in gross volume of annual

sales during the time that Plaintiff was employed by Defendants.  (*See* Defs.' 56.1 Statement

¶ 27.)[6]  In support of this assertion, Defendants rely on tax returns for the relevant time period

and on the declaration of Defendant Yuan Chen, who had personal knowledge of the business

records and averred to their accuracy.  (*See* Chen Decl. ¶¶ 1–8, 10–13; Chen Supp. Decl. ¶¶ 5–

11; Wong Decl. Exs. 5–6.)[7]

To rebut Defendants' assertion and the documentary proof they offer in support of their

motion, Plaintiff attempts to demonstrate a genuine dispute of material fact by engaging in

strained speculation and dubious calculations.  (*See* Pl.'s Opp. 9–11; Pl.'s 56.1 Counterstatement

¶¶ 25–31.)[8]  For example, relying on Akami's 2014 tax return, Defendants assert that Akami's

---

[6] "Defs.' 56.1 Statement" refers to Defendants' Rule 56.1 Statement of Facts, filed September 25, 2018.  (Doc. 68.)

[7] "Chen. Decl." refers to the Declaration of Yuan Chen, filed September 25, 2018.  (Doc. 66.)  "Chen Supp. Decl." refers to the Supplemental Declaration of Yuan Chen, filed September 10, 2019.  (Doc. 76.)  "Wong Decl." refers to the Declaration of Vincent S. Wong, filed September 25, 2018.  (Doc. 67.)

[8] "Pl.'s Opp." refers to Plaintiffs' Memorandum of Law in Opposition to Defendants Akami Inc., Yuan Hong Chen, Liang Ji Zhuo and Jane Doe's Motion for Summary Judgment, filed October 2, 2018.  (Doc. 70.)  "Pl.'s 56.1 Counterstatement" refers to Plaintiff's Counter-statement of Material Facts in Opposition to Defendants' Motion for Summary Judgment, filed August 4, 2019.  (Doc. 73.)

gross sales from July 1, 2014 to June 30, 2015 were $364,160. (Defs.' 56.1 Statement ¶ 25 (citing Wong Decl. Ex. 5).) Plaintiff points out that Akami began operating its restaurant in September 2014, not July 2014, and through an analysis based in part on Akami's supposed bank records, Plaintiff calculates that Defendants' gross deposits from September 2014 to May 2015 yields gross deposits of $402,023.01—a figure that is still almost $100,000 below the required threshold. (See Pl.'s Opp. 9.) Without any explanation, Plaintiff cites "Exhibit ???" in support of this calculation, which is not a document in the record.[9] (See id.; see also Pl.'s 56.1 Counterstatement ¶ 25 (also citing "Exhibit ???").)

Apparently relying on Defendants' quarterly tax returns, Plaintiff estimates Akami's gross revenue from June 1, 2015 through August 31, 2015 to be $121,783, and by adding that estimated revenue to the reported revenue for the period of September 1, 2014 through May 31, 2015, Plaintiff estimates that Akami earned $440,288 in gross annual revenue. (See Pl.'s Mem. 9–10; see also Pl.'s 56.1 Counterstatement ¶ 25.) Once again, Plaintiff cites to "Exhibit ???" in support of his calculation, (see Pl.'s Mem. 9–10; see also Pl.'s 56.1 Counterstatement ¶ 25), and, once again, Plaintiff estimates that Defendants' gross annual sales volume was below the $500,000 statutory threshold.

Finally, Plaintiff relies on testimony regarding the estimated number of deliveries made by Akami. (See Pl.'s Mem. 10; see also Pl.'s 56.1 Counterstatement ¶ 25.) Although Defendant Chen estimated that Akami made, on average, about forty deliveries per day, (see Chen Dep. 61:17-25),[10] Plaintiff estimated that each deliveryman made as many thirty deliveries per day

---

[9] Although Plaintiff describes alleged discrepancies related to various documents produced by Defendants, such as bank records and tax records, he does not coherently explain how those purported discrepancies demonstrate that there is an issue of fact with regard to the $500,000 statutory threshold.

[10] "Chen Dep." refers to the transcript of the deposition of Yuan Hong Chen, dated June 8, 2018. (See Troy Decl. Ex. 3.)

"[d]uring good business time," (Zhang Dep. 63:4-7), and that there were always two deliverymen on duty, (*id.* at 65:3-12). Plaintiff also testified that each order was approximately $20.00. (*Id.* at 63:19-22.) Based on his own estimates, Plaintiff makes the following calculation: with two deliverymen on at all times, and with each of them making thirty deliveries each day for a total of sixty daily deliveries,[11] every day of the year, and at an average delivery cost of $20.00, Akami *may* have generated as much as $438,000 from deliveries during the year in which Akami employed Plaintiff. (*See* Pl.'s Mem. 10.) Relying on Defendant Chen's testimony that about ninety percent of Akami's revenue was generated by deliveries, (Chen Dep. 65:7-9), Plaintiff extrapolates that if Akami generated $438,000 in delivery revenue, it *may* have generated as much as $486,666.67 in total revenue during the year in which Akami employed Plaintiff. (*See* Pl.'s Mem. 10.) Once again, Plaintiff's estimate falls short of the statutory $500,000 threshold, so he adjusts his assumption to estimate that the average delivery order was $21.00 instead of $20.00—without demonstrating that the adjustment is based on any evidence in the record— finally arriving at the conclusion that Akami *may* have generated as much as $511,000 in total annual revenue during the time that Defendants employed Plaintiff. (*Id.*)

By submitting Akami's tax returns and providing a declaration from a person with knowledge of the records, averring that they are authentic and accurate, Defendants have provided concrete, admissible evidence that they did not meet the FLSA statutory threshold of $500,000 in gross annual volume of sales. *See Yupa v. Country Stone & Fence Corp.*, No. CV 14-7384, 2017 WL 27957, at *4 (E.D.N.Y. Jan. 3, 2017) (holding that where tax returns recite the amount of "gross receipts or sales," and where there is no evidence suggesting the tax returns

---

[11] For purposes of this calculation, Plaintiff ignores his own testimony that, on certain days, he made only twenty deliveries. (*See* Zhang Dep. 63:8-9.)

are inaccurate, the "submitted tax returns are sufficient to establish the CFS's annual gross revenue"); *see also* 29 C.F.R. § 779.266(b) (permitting the use of tax returns in computing annual sales volume).

To defeat Defendants' motion for summary judgment, Plaintiff "must produce specific facts indicating" that a genuine factual issue exists as to Akami's gross annual volume of sales. *See Wright v. Coughlin,* 132 F.3d 133, 137 (2d Cir.1998). Plaintiff identifies no concrete evidence that calls the accuracy of Akami's tax returns into question. Instead, he impermissibly "rel[ies] on conclusory allegations [and] unsubstantiated speculation." *See Scotto v. Almenas*, 143 F.3d 105, 114 (2d Cir. 1998); *see also Quarles v. Gen. Motors Corp. (Motors Holding Div.)*, 758 F.2d 839, 840 (2d Cir. 1985) (noting that "mere conjecture or speculation by the party resisting summary judgment does not provide a basis upon which to deny the motion"). Moreover, even if speculation could defeat a motion for summary judgment—which it cannot— Plaintiff's speculative calculations only arrive at an estimated annual gross volume of sales above the statutory threshold by ignoring Plaintiff's own testimony about the number of deliveries per day. *See supra* n.111.

Accordingly, I find that Plaintiff has not demonstrated that there is an issue for trial relating to "enterprise coverage," and Defendants' motion for summary judgment as to his FLSA claims is granted. *See Li*, 35 F. Supp. 3d at 305 (holding that "the failure of the plaintiff to demonstrate an issue for trial involving employee coverage, based on either the enterprise or individual theory, is a proper basis for dismissing his FLSA claim on summary judgment" (citing *Celotex Corp. v. Catrett*, 477 U.S. 317, 322–23 (1986))).

B.    *Supplemental Jurisdiction*

Under the doctrine of supplemental jurisdiction, "[f]ederal district courts have supplemental jurisdiction over [related] state-law claims." *Kolari v. N.Y.–Presbyterian Hosp.*, 455 F.3d 118, 121–22 (2d Cir. 2006). But "this is traditionally a doctrine of discretion, not of plaintiff's right," and "a district court 'may decline to exercise supplemental jurisdiction' if it 'has dismissed all claims over which it has original jurisdiction.'" *Id.* at 122 (quoting 28 U.S.C. § 1367(c)(3)). Because I have dismissed all of Plaintiff's federal claims, I must balance the "the values of judicial economy, convenience, fairness, and comity in order to decide whether to exercise jurisdiction." *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988). "[I]n the usual case in which all federal-law claims are eliminated before trial, the balance of factors . . . will point toward declining to exercise jurisdiction over the remaining state-law claims." *Id.* at n.7.

Here, "all of Plaintiff's FLSA claims have been dismissed. Accordingly, judicial economy, fairness, convenience and comity will be served best by declining to exercise supplemental jurisdiction over Plaintiff's remaining NYLL claims." *Volpe v. Am. Language Commc'n Ctr., Inc.*, 200 F. Supp. 3d 428, 435 (S.D.N.Y. 2016), *aff'd*, 692 F. App'x 51 (2d Cir. 2017).

Accordingly, Plaintiff's state-law claims are dismissed without prejudice to filing those claims in state court.[12]

---

[12] Because all of Plaintiff's claims are dismissed, I need not reach the issue of whether Lan Fang Yang was an employer under the FLSA and NYLL. (*See* Defs.' Mem. 7–9; Pl.'s Opp. 5–8.)

11

## V.  <u>Conclusion</u>

For the foregoing reasons, Defendants' motion for summary judgment is GRANTED.

The Clerk of Court is respectfully directed to terminate the open motion at Document 63, to enter

final judgment in favor of Defendant, and to close this case.


SO ORDERED.

Dated: September 25, 2019
        New York, New York

Vernon S. Broderick
United States District Judge